UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>            Plaintiff,<br><br>     v.<br><br>HAMAD, et al.,<br><br>            Defendants. | No. 2: 14-cv-0044 KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). For the following reasons, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied and plaintiff be ordered to pay the filing fee.

A prisoner may not proceed in forma pauperis,

> If the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

1

1  See Williams v. Andrew, 1: 01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing
2  action for failure to state a claim); Williams v. Wood, 1: 01-cv-6151 REC LJO P (E.D. Cal. Feb.
3  28, 2002) (order dismissing action with prejudice for failure to state a claim); Williams v.
4  Rendon, 1: 01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure
5  to state a claim).  See also  Williams v. Gonzales, 1: 03-cv-6770 REC WMW P (E.D. Cal. Sept.
6  10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)).

7  In the complaint, filed January 28, 2014 (ECF No. 7), plaintiff[1] suggests that she meets the
8  imminent danger exception contained in 28 U.S.C. § 195(g).  The complaint contains five claims.
9  In claim one, plaintiff alleges that prison officials threatened her with retaliation for pursuing the
10 instant action.  Plaintiff alleges that prison officials took her television in retaliation for filing this
11 action.  Plaintiff alleges that prison officials threatened to have her transferred and also to file
12 false prison disciplinary complaints against her in retaliation for pursuing this action.  In claim
13 two, plaintiff alleges that prison officials are poisoning her with rat poison.  In claim three,
14 plaintiff alleges that she is being poisoned with arsenic, mercury, lead and nitrite in her food.  In
15 claim four, plaintiff alleges that she was denied the right to enter into a same-sex marriage with
16 another inmate.  In claim five, plaintiff alleges that prison officials refused to process her
17 administrative grievance regarding the claims raised in this action.

18  Plaintiff's claims alleging retaliation, denial of the right to enter a same-sex marriage and
19 the alleged refusal to process administrative grievances do not raise claims alleging the imminent
20 danger of serious physical injury.  For the following reasons, the undersigned finds that plaintiff's
21 claims alleging poisoning also do not meet the imminent danger exception.

22  In the complaint filed on August 17, 2012, in Williams v. Bauer, 2: 12-cv-2158 MCE EFP
23 P, plaintiff also alleged that she was in imminent danger because the defendants named in that
24 action were poisoning her food.  On December 6, 2012, Magistrate Judge Brennan found that
25 section 1915(g)'s imminent danger exception did not apply because plaintiff's allegations were
26 not plausible.  See 2: 12-cv-2158 MCE EFB P, Dkt. No. 12 at 2.  See Andrews v. Cervantes, 493

27

28 [1] The court refers to plaintiff in the feminine because plaintiff identifies herself as a female.

2

F.3d 1047, 1055 (9th Cir. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing).  Magistrate Judge Brennan recommended that plaintiff's application to proceed in forma pauperis be denied.  See 2: 12-cv-2158 MCE EFB P, Dkt. No. 12.  On January 30, 2013, the Honorable Morrison C. England adopted these findings and recommendations.  (Id., Dkt. No. 14).

In his December 6, 2012 findings and recommendations, Magistrate Judge Brennan also observed that plaintiff had been informed on several prior occasions that her allegations regarding poisoning were not plausible:

> Moreover, the "court has the inherent ability to restrict a litigant's ability to commence abusive litigation in forma pauperis." Visser v. Supreme Court of California, 919 F.2d 113, 114 (9th Cir. 1990) (citing In re McDonald, 489 U.S. 180 (1989)). The court has informed plaintiff, on numerous prior occasions, that her allegations about being poisoned are not plausible. See Williams v. Norton, 2: 12-cv-2998 CKD (E.D. Cal. Dec. 4, 2012) (finding plaintiff's allegations of being poisoned implausible and denying application to proceed in forma pauperis); Williams v. CDCR, 2: 12-cv-1616 JAM EFB P (E.D. Cal. Aug. 1, 2012) (finding implausible plaintiff's allegations of being poisoned, and recommending that plaintiff's in forma pauperis status be denied), adopted (E.D. Cal. Oct. 29, 2012); Williams v. Willie, 2: 11-cv-1532 MCE DAD P (E.D. Cal. March 16, 2012) (finding implausible plaintiff's allegations of being poisoned, noting that she had been making such claims since 2006, and determining that the imminent danger exception of section 1915(g) did not apply), adopted (E.D. Cal. Apr. 23, 2012); Williams v. Gomez, 2: 11-cv-426 GEB EFP P (E.D. Cal. Dec. 21, 2011) (finding implausible plaintiff's allegations of being poisoned and denied HIV medication, and recommending that plaintiff's in forma pauperis status be revoked), adopted (E.D. Cal. Feb. 6, 2012). Nevertheless, plaintiff continues to initiate lawsuits in forma pauperis, on the grounds that the imminent danger exception applies based on her allegations of being poisoned on a daily basis and/or being denied her HIV medication. See e.g., Williams v. Bal, 2: 12-cv-1005 LKK EFB P (E.D. Cal. April 17, 2012 complaint alleging imminent danger of injury or death because she was denied HIV medication and prison officials were poisoning her food); Williams v. Wedell, 2: 12-cv-1438 GEB GGH P (E.D. Cal.) (May 29, 2012 complaint alleging denial of HIV medication and imminent danger of poisoning); Williams v. Nappi, 2: 12-cv-1604 GEB CMK P (E.D. Cal.) (June 14, 2012 complaint alleging imminent danger because of daily poisoning); Williams v. CDCR, 2: 12-cv-1616 JAM EFB P (E.D. Cal.) (June 15, 2012 complaint alleging the same). Given these filings, the court finds that plaintiff's application for leave to proceed in forma pauperis should be denied because plaintiff has

3

> "engaged in a pattern of litigation which is manifestly abusive." Visser, 919 F.2d at 114.

Williams v. Bauer, 2: 12-cv-2158 MCE EFB P, Dkt. No. 12 at 2-3.

In Williams v. Wedell, 2: 12-cv-1438 GEB GGH P, Magistrate Judge Hollows observed,

> As for the alleged poisoning, U.S. Magistrate Judge John F. Moulds recognized in one of plaintiff's many cases filed with this court, that he has been alleging arsenic poisoning since 2006 and the plausibility of his claims in this regard are belied by the fact that plaintiff remains alive today despite alleged arsenic poisoning for more than five years by dozens of prison officials. See Williams v. Murray, 11-cv-0069 MCE JFM P (E.D. Cal.), Order filed June 10, 2011 (Doc. No. 9 at 3) (denying plaintiff's motion for reconsideration of an order finding that § 1915(g) barred plaintiff from proceeding in forma pauperis and citing several other of plaintiff's actions that allege poisoning).

2: 12-cv-1438 GEB GGH P, Dkt. No. 12 at 3.

For the reasons discussed above, the undersigned finds that plaintiff has not met the imminent danger exception to 28 U.S.C. § 19159g). Plaintiff's application to proceed in forma pauperis should be denied.

On January 17, 2014, plaintiff filed a motion for a thirty day extension of time to file her form addressing the issue of consent. While the court has not addressed this motion, thirty days passed and plaintiff did not file the form. Accordingly, the Clerk of the Court is directed herein to assign a district judge to this action. Plaintiff's motion for an extension of time to file the consent form is denied as unnecessary.

On March 20, 2014, plaintiff filed a motion for the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse

discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 5) is denied;
2. Plaintiff's motion for the appointment of counsel (ECF No. 11) is denied;
3. The Clerk of the Court shall appoint a district judge to this action; and

IS HEREBY RECOMMENDED that plaintiff's application to proceed in forma pauperis (ECF No. 9) be denied; plaintiff shall pay the filing fee within 28 days if these findings and recommendations are adopted. Failure to pay the filing fee will result in a recommendation that this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 27, 2014

Will44.56

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5